UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:17-cv-22857-CMA

JOALIE MARTINEZ

    Plaintiff,

v.

G5IVE, LLC, a Florida Limited Liability
Company, and ANTONIO BRYANT, an
Individual,

    Defendants,

_____/

<u>DEFENDANT, G5IVE, LLC'S MOTION TO DISMISS PLANTIFF'S COMPLAINT</u>

Defendant, G5IVE, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure hereby moves this Court for an Order dismissing the Complaint of JOALIE MARTINEZ ("Plaintiff") in its entirety on the grounds that Plaintiff has failed to sufficiently plead facts sufficient to satisfy the four basic prerequisites to a class action and that Plaintiff has failed to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Plaintiff filed a three-count Complaint, on July 31, 2017, against Defendants alleging claims for (a) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), (b) failure to pay overtime wages in violation of the FLSA, and (d) declaratory relief despite her performing as an independent contractor.

First and foremost, it is important to note G5ive, LLC is not the proper named Defendant. Defendant reserves the right to challenge same in subsequent court filings. *See Mancher v.*

1

*Seminole Tribe of Florida, Inc.*, 708 So. 2d 327, 329 (Fla. 4th DCA 1998). Plaintiff's Complaint contains numerous deficiencies requiring dismissal of same. First, the class action allegations fail to satisfy Federal Rules of Civil Procedure 23 and the Local Rules requirements for class actions. Second, Plaintiff's claim for injunctive relief has failed to show a likelihood of substantial and immediate irreparable injury, as required for injunctive relief. Finally, the Complaint fails to state a claim upon which relief may be granted as Plaintiff does not set forth any facts to support her contention that she was an employee of Defendant, and thus a member of the class of persons entitled to assert these causes of actions. Plaintiff asserts nothing more than labels and conclusions, and a formulaic recitation of the elements of a cause of action without any facts to support the allegation that she was an employee of Defendant.

## II.     MEMORANDUM OF LAW

### a.     *Standard of Law for Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim when the moving party demonstrates that the claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In making a decision on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must limit its attention to the complaint, written exhibits, documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). In considering a motion to dismiss, a Court should accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus,* 551 U.S. 89 (2007). To survive dismissal, the plaintiff must "provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2009). "The plaintiff's factual allegations must be

enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* 507 F.3d 117 121 (2d Cir. 2007). While a complaint does not need detailed factual allegations, a complaint must contain sufficient factual matter more than mere legal conclusions and state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Additionally, the Supreme Court explained that "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009). Even when considered as true and in the light most favorable to Plaintiff, Plaintiff's purported class allegations and Counts I and II of the Complaint should be dismissed.

### b.   *Legal Argument*

**i.   The Class Action Allegations Fail to Satisfy Federal Rules of Civil Procedure**

Plaintiff has failed to allege any facts or evidence to support the essential prerequisites for a class action. Federal Rule of Civil Procedure 23 requires the pleader, at a minimum, to allege facts sufficient to satisfy the four basic "prerequisites to a class action" in order to maintain a class action. Fed. R. Civ. P. 23(a). The rule provides: (1) that the class is so numerous that joinder of all members is impractical; (2) that there are common questions of law or fact that predominate over individualized questions; (3) that the claims or defenses of the class representatives are typical of those of the class; and (4) that the class representatives will fairly and adequately protect the interests of the class. *See e.g. Access Now, Inc., v. Walt Disney World Co.,* 211 F.R.D. 452 (M.D. Fla. 2001); *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir. 1992). The United States Supreme Court has consistently held that a class representative must be a part of the class and possess the same interest and suffer the same

injury as the class members. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). Plaintiff bears the burden of establishing that the proposed class meets all Rule 23 prerequisites and failure to comply with Rule 23 requirements is grounds for dismissal of a complaint or for striking the class allegations. *See Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir. 1997). Finally, a class action may only be maintained when all the prerequisites of Rule 23(a) are met and at least one alternative requirement of Rule 23(b) is met. *Id.*

Plaintiff might contend that it is premature to dismiss the class action allegation without a class certification hearing, however, courts have dismissed such complaints when Rule 23(a) requirements are not satisfied. *See Morris v. City of Charlottesville, No*. CIV. A. 300CV00029, 2001 WL 743771, at *4 (W.D. Va. July 3, 2001) (where a broadly defined class failed to meet the commonality and typicality requirement and the case was dismissed). Further, Rule 23(a) provides that courts facing potential class actions should determine whether the action may be maintained as a class action "as soon as practicable after the commencement of an action brought as a class action." Fed. R. Civ. P. 23(a). Here, Plaintiff has failed to properly demonstrate the minimum prerequisites for maintenance of a class action as evidenced in the Complaint. Plaintiff seeks certification of a class action for Plaintiff and those similarly situated performing the same or similar jobs and subject to similar policies. (D.E. 1). Such an allegation is too broad to determine the commonality of the alleged class, failing the pleading requirements of Rule 23(a). *See East Texas Motor Freight System, Inc.,* 431 U.S. 395 (1977) (Where the Court explained that Rule 23(a) requires the class representative to suffer the same interest and suffer the same injury as alleged class members). Plaintiff's claim of "similarly situated" persons performing "similar

jobs" (D.E. 1 at 5) is a failed attempt at satisfying Rule 23(a) prerequisites and is in contravention of the consistent rulings of the Supreme Court. 431 U.S. at 403.

Additionally, the numerosity prong of Rule 23(a) requires the Plaintiff to provide some specificity regarding the size of the purported class. *See In re Disposable Contact Lens Antitrust Litig.,* 170 F.R.D. 524, 529 (M.D. Fla. 1996). The court in *In re Disposable Contact Lens Antitrust Litig.* explained that plaintiffs generally must proffer some evidence or reasonable estimate of the number of members comprising the purported class. *Id. at 529.* Here, Plaintiff makes a halfhearted attempt at providing an estimate for the size of the purported class and provides no evidence for the unreasonable estimate of members. Plaintiff alleges only that "many class members are believed to be currently employed by Defendants." (D.E. 1 at 10). Plaintiff claims that the "precise size and identify of the class can be ascertained from the business records, tax records, and/or employee or personnel records." (D.E. 1 at 2). Rather than provide a reasonable estimate and provide evidence, Plaintiff provides broad language and a fishing expedition for the court to embark upon. Compared to the facts of *In re Disposable Contact Lens Antitrust Litig.,* where the plaintiff provided a reasonable estimate of members along with substantial evidence supporting that claim, Plaintiff here fails to even make an attempt at an estimate. *Id.*

The requirement of commonality is generally satisfied if "all class members are in a substantially identical factual situation and the questions of law raised by the plaintiff are applicable to each class member." *In re Amerifirst Securities Litigation,* 139 F.R.D. 423, 427 (S.D.Fla.1991). Plaintiff again fails in satisfying Rule 23(a) by improperly alleging the commonality of the purported class member claims. (D.E. 1 at 2). While Plaintiff claims the proposed class was subject to "similar" violations, Rule 23(a) requires substantially identical

5

factual situations. Fed. R. Civ. P. 23(a). Plaintiff's pleading is too broad to justify class certification, as bare allegations cannot satisfy the Rule 23(a)(2) requirements. *See Nelson v. United States Steel Corp.,* 709 F.2d 675 (11th Cir. 1983) (Where plaintiff failed to meet burden of pleading requirements of Rule 23(a)). Plaintiff's allegations amount only to vague and inapplicable generalizations upon which no relief can be granted. (D.E. 1 at 2).

Additionally, Plaintiff fails to properly fulfill the adequacy prong of Rule 23(a). The Complaint fails to properly allege that Plaintiff will adequately protect the interests of absent class members. (D.E. 1). The proposed class representative must share common interests with the absent class members and must further demonstrate that they will fairly and vigorously prosecute the interests of the class. *Brooks v. Southern Bell Tel. & Tel. Co.,* 133 F.R.D. 54 (S.D. Fla. 1990). A failure to allege facts demonstrating such adequacy has been grounds for dismissal in other courts. *See, e.g., Tijernia v. Henry,* 48 F.R.D. 274 (D. N.M. 1969) (class action complaint dismissed with prejudice due to lack of allegations showing adequacy of representation); *See also, Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.,* 19 F.R.D. 93 (S.D.N.Y. 1956) (court dismissing class action allegations due to inadequate assertions that plaintiff would adequately represent class). Without any attempt by Plaintiff to allege adequacy this Court does not need to determine if the adequacy prong was sufficiently pled, it simply was not. Any purported class members' legal rights would be tremendously underserved if Plaintiff's class action was certified.

It is for these reasons, namely, Plaintiff's failure to satisfy Rule 23(a) prerequisites, that this Court should dismiss Plaintiff's class action allegation.

### ii. The Complaint Fails to Satisfy the Local Rules Requirements for Class Actions

The Complaint also fails the requirements of the Local Rules for the District Court of the Southern District of Florida. (D.E. 1). The Local Rules call for additional requirements for pleading a class action, such as including the size of the class, the basis for adequacy of representation, and the allegedly common issues of law and fact. S.D. Fla. L.R. Rule 23.1. Arguably most importantly, the Local Rules require that the plaintiff include specific allegations in the complaint. S.D. Fla. L.R. Rule 23.1.

Here, Plaintiff fails to plead the size of the purported class and the adequacy of representation of that class. (D.E. 1 at 2). As explained above, the failure to satisfy the requirements of the rules for alleging a class action cannot be overlooked and for this reason this Court should dismiss the class action allegations of the Complaint.

### iii. Injunctive Relief

A class action complaint seeking an injunction, as is the case here, must also satisfy Rule 23(b)(2) in showing that "the defendant has acted in a way generally applicable to the class." *See e.g., Rutstein v. Avis Rent-A-Car Sys. Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000). Additionally, the Supreme Court has held that, in seeking injunctive relief, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again – 'a likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) (*quoting O'Shea v. Littleton,* 414 U.S. 488, 502, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974)).

Here, Plaintiff has failed to show a likelihood of substantial and immediate irreparable injury because Plaintiff intends to represent *former* employees in the alleged class action. (D.E. 1

at 2). For this reason, any likelihood of substantial and immediate irreparable harm is negated by the fact that these purported class members are no longer subject to any potential harm. Further, courts have repeatedly held that plaintiffs lack standing to certify a class without alleging future harm. *See Johnson v. Bd. of Regents of the Univ. of Ga.,* 263 F.3d 1234, 1267-68 (11th Cir. 2001) (affirming decertification of injunction class in absence of proof of risk of future harm); *Shotz v. Cates,* 256 F.3d 1077, 1081-82 (11th Cir. 2001) (holding that plaintiffs lacked standing to seek injunctive relief when they failed to allege immediate and real threat of future harm). The Court in *Shotz* reasoned that a motion to dismiss must be evaluated based on the facts alleged in the complaint rather than mere speculation put forth by the plaintiff. *Shotz* 256 F.3d at 1081. Here, Plaintiff has not provided facts in the Complaint that would reasonable allow this Court to determine that there is a likelihood of future harm. (D.E. 1). The Complaint only contains alleged past incidents of harm. (D.E. 1 at 2). For these reasons, Plaintiff lacks standing to make a claim for injunctive relief and the class action allegation should be dismissed in its entirety.

### iv. The Complaint Fails to State a Claim Upon Which Relief May Be Granted

As stated above, only complaints which state a "plausible claim for relief" survive a motion to dismiss. *Iqbal*, 556 U.S. at 679, quoting, *Twombly*, 550 U.S. at 555. Moreover, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the rule encourages brevity in pleading, alleging titles, labels, legal conclusions, and the elements of the cause of action are insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Thus, the pleading must be "plausible" rather than "conceivable." *Twombly*, 550 U.S. at 570 (to cross into the "realm of plausible liability", the allegations must be factual (not conclusory)

and suggestive (not neutral)). A proper "plausibility" inquiry is "the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In Federal exotic dancer wage litigation, the question of whether the plaintiff was an employee or an independent contractor is the crux of the entire case, and is often determinative of the resolution of same. Yet in this case, Plaintiff has failed to allege any facts to support the contention that she was in fact an employee of Defendant during the relevant time period. Plaintiff only asserts the conclusory statement that she was an employee. In Paragraph 8 she states, Plaintiff "was an hourly, non-exempt employee of Defendants as the term employee is defined by 29 U.S.C. § 203(e)." Compl. at ¶ 8. In Paragraph 15 she states, "Martinez worked as an adult entertainer for Defendants." Compl. at ¶ 15. Finally, in Paragraph 26 she states, "Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed as adult entertainers in Defendant's club." Compl. at ¶ 26. However, Plaintiff has failed to assert a single fact to support this highly contentious point in this litigation.

To determine whether an employer-employee relationship exists, "courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). In determining the economic reality, courts consider the following factors: (1) the nature and degree of control over the alleged employee; (2) the alleged employee's opportunity for profit or loss; (3) the alleged employee's investment in equipment or materials; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Id.* at 1311–12. No single factor is dispositive,

and the list is not exhaustive. *Id.* at 1312 n.2 (citing *Santelices v. Cable Wiring*, 147 F.Supp.2d 1313, 1319 (S.D. Fla. 2001)). Additionally, "the label attached to the relationship is dispositive only to the degree that it mirrors the economic reality of the relationship." *Harrell v. Diamond A Entm't, Inc.*, 992 F.Supp. 1343, 1353 (M.D. Fla. 1997) (citation omitted).

Assuming, *arguendo*, Plaintiff has set forth enough facts to support a claim for a minimum wage violation and/or overtime wage violation, those causes of action are only available to employees. Yet here, Plaintiff has not set forth any facts that in any way relate to any of the six (6) factors used to determine whether an individual is an employee or an independent contractor. Plaintiff merely makes conclusory allegations that she was an employee. Without any facts to support her contention that she was in fact an employee, Plaintiff has failed to establish a "plausible claim for relief" as is required by Federal law. Plaintiff's attempt at a pleading bases her grounds for her entitlement to relief on nothing more than labels and conclusions, and a formulaic recitation of the elements of a cause of action without any facts to support the allegation that she is a member of the class of persons entitled to assert either cause of action. Thus, without any facts to support her claim that she was an employee of Defendant, Plaintiff has failed to state a claim upon which relief may be granted, and Plaintiff's entire Complaint should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court issue an Order dismissing Plaintiff's entire Complaint.

Dated this 6th day of September, 2017.

Respectfully submitted,

LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

By: /s/ Margaret H. Mevers
Margaret H. Mevers, Esq.
Florida Bar Number: 726184
mhm@lydeckerdiaz.com
Stephen Hunter Johnson, Esq.
Florida Bar Number: 12362
shj@lydeckerdiaz.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

*/s/ Margaret H. Mevers*
MARGARET H. MEVERS, ESQ.

## SERVICE LIST

Robert W. Brock II, Esq.
The Law Office of Lowell J. Kuvin, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
robert@kuvinlaw.com
legal@kuvinlaw.com